## Thomas, Appellant, v. Borden.

*Appeals—Assignments of error—Practice, Supreme Court—Practice, equity.*

An appeal in an equity case may be quashed, where the notes of testimony have not been certified by either the official stenographer or the trial judge.

Where a bill in equity is dismissed by the trial judge without hearing evidence on the part of the defendant, such dismissal of the bill is not a basis for an assignment of error. Such action on the part of the

trial judge does not become final until it is made so by the court in passing upon exceptions to it.

Where a bill in equity is dismissed by the trial judge without hearing evidence on the part of the defendant, an assignment alleging error by the court in not entering a decree in favor of the plaintiff, is bad. In such a case when the plaintiff closes, the defendant's motion is in the nature of an application for a nonsuit on the law side of the court, and, if error is committed in granting such a motion, it is not to be corrected by entering a decree for the plaintiff, but by setting aside the dismissal of the bill and reinstating it with a procedendo.

*Equity—Equity practice—Injunction—Contract—Agreement in restraint of trade—Responsive answer.*

Where the complainant in a bill in equity asks for an injunction to restrain the defendant from engaging in a business which he had agreed in writing not to engage in for a period stated, and the defendant avers in his answer that the written agreement had been rescinded and an oral agreement substituted in which there was no reference to the restriction on trade, the answer is responsive to the bill, and if the complainant does not overcome the answer by proof, his bill is properly dismissed.

A claim for an injunction to restrain the defendant from violating a covenant in a written agreement, by which he bound himself not to engage in "the business of extracting teeth by the use of nitrous oxide gas, or any other method invented and used exclusively " by the complainant, is not well founded, where it appears that the method of extracting teeth by the use of nitrous oxide gas, was neither invented nor used exclusively by the complainant.

Argued May 12, 1908.   Appeal, No. 96, Jan. T., 1908, by plaintiff, from decree of C. P. No. 2, Phila. Co., Sept. T., 1907, No. 1,496, dismissing bill in equity in case of John D. Thomas v. Walter A. Borden.   Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Supreme Court.

SULZBERGER, J., the trial judge, entered a decree as follows:

And now, December 3, 1907, the trial judge, upon the close of complainant's evidence, being of opinion that the case made in the bill has not been sustained, hereby orders and decrees that the bill in equity filed in this case be dismissed at plaintiff's costs.

The court dismissed an exception to the adjudication.

*Errors assigned* were in the following form :

1. The learned court erred in dismissing the plaintiff's bill.

2. The learned court erred in not entering a decree in favor of plaintiff.

*George Wharton Pepper* and *Henry J. Scott*, with them *A. Culver Boyd* and *John G. Johnson*, for appellant, cited : Wilkinson v. Colley, 164 Pa. 35 ; Davies v. Racer, 72 Hun, 43 ; American Ice Co. v. Luff, 12 Pa. Dist. Rep. 381 ; Pittsburg Stove, etc., Co. v. Penna. Stove Co., 208 Pa. 37.

*Alex. Simpson, Jr.*, with him *Smithers & Lank*, for appellee.—The assignments of error are bad : Landis v. Evans, 113 Pa. 332 ; Cessna's Est., 192 Pa. 14 ; Clymer v. Roberts, 220 Pa. 162.

The evidence does not overcome the effect of defendant's responsive answer.

Aside from the effect of the responsive answer the dismissal of the bill was right : Gompers v. Rochester, 56 Pa. 194 ; Harkinson's App., 78 Pa. 196 ; Cleaver v. Lenhart, 182 Pa. 285 ; Keeler v. Taylor, 53 Pa. 467 ; Erie County Milk Assn. v. Ripley, 18 Pa. Superior Ct. 28 ; Seward v. Shields, 9 Pa. Dist. Rep. 583.

OPINION BY MR. JUSTICE BROWN, June 23, 1908 :

That there may be an end to these proceedings and that the appellant may know his bill was properly dismissed, we have concluded not to quash his appeal, though there are good reasons for doing so. The notes of testimony have not been certified by either the official stenographer or the trial judge. When the plaintiff closed his case on the hearing below the following decree was made by the trial judge : " And now, December 3, 1907, the trial judge, upon the close of complainant's evidence, being of opinion that the case made in the bill has not been sustained, hereby orders and decrees that the bill in equity filed in this case be dismissed at plaintiff's costs." This dismissal of the bill without hearing evidence on the part of the defendant was under equity rule 68, and the effect of it was a nonsuit at law, but neither the decree of the trial judge nor the action of the court in banc on what counsel for appellant term the exceptions to it is assigned as error.

The first assignment is simply, " The learned court erred in dismissing the plaintiff's bill." We have nothing before us to show that the court dismissed the bill. The trial judge dismissed it, but his action did not become final until made so by the court in passing upon exceptions to it. The other assignment, alleging error by the court in not entering a decree in favor of the plaintiff, is bad. When the plaintiff closed his case the defendant's motion was in the nature of an application for a nonsuit on the law side of the court, and, if error is committed in granting such a motion, it is not to be corrected by entering a decree for the plaintiff, but by setting aside the dismissal of the bill and reinstating it with a procedendo.

On January 1, 1903, the appellant and appellee entered into a written agreement of copartnership for the practice of dentistry for a period of five years, unless sooner terminated by the death of either, " or otherwise." The clause in the agreement which the appellant seeks to have specifically enforced by this bill is as follows : " Said Walter A. Borden agrees that he will not during the continuance of this agreement or any extension thereof, or within five years after the termination thereof, or of any extension thereof, without the written consent of the said John D. Thomas, carry on or practice either in his own name, or as assistant to, or partner of, or associated with anyone else the business of extracting teeth by the use of nitrous oxide gas, or any other method invented and used exclusively by said John D. Thomas, in the City of Philadelphia ; and that he will not in any event, or at any time, or in any place, use or refer to the name of the said John D. Thomas, or of the Colton Dental Association, or to his business relations with said John D. Thomas." That portion of the clause covenanting that the appellee will not use or refer to the name of John D. Thomas, or of the Colton Dental Association, or his business relations with the appellant, is no longer in the case, as it was the subject of a stipulation between the parties on the trial. The prayer of the appellant is for an injunction to restrain the appellee " from carrying on or practicing, either in his own name or as assistant to or partner of or associate with anyone else, the business of extracting teeth by the use of nitrous oxide gas or anæsthesia, at any time prior to January 1, 1913."

The bill avers that on August 20, 1907, the appellee notified

the appellant in writing that he would terminate the agreement of January 1, 1903, at the expiration of thirty days from said date, that said notice was given without any legal cause or reason, that the appellee accepted said notice and the agreement became terminated on September 19, 1907. This averment, in substance, is that the agreement of January 1, 1903, had continued up to September 19, 1907.

In the tenth paragraph of his answer the appellee sets forth that about October 1, 1905, he personally served upon the appellant the following notice :

" MY DEAR DR. THOMAS,

" Owing to the many objectionable changes made by you and your habits professionally and personally during the last two years that have become unbearable for me, I wish to notify you that thirty days from to-day (October 1, 1905), I will separate myself from copartnership that has existed between us since January 1/03.

" Very truly yours,
" W. A. BORDEN."

To this notice the following reply was received by the defendant, in which there is an erroneous reference to his letter as being of the 29th :

" 10/12/05.

" MY DEAR DR. BORDEN,

" Referring to yours of the 29th will say that I accept the proposition and that our associations will cease upon October 31st.

" Very truly yours,
" J. D. THOMAS."

Following this there is a further averment that, pursuant to the above two notices, the agreement of January 1, 1903, was terminated, and, at the earnest request of the appellant, the appellee made a new verbal agreement with him, as follows : " After October 31, 1905, I should assume entire charge of the business except at such times as he saw fit to be present, that the partnership was to be upon the basis of my receiving thirty per cent. of the gross receipts, plus fifteen dollars for each week during which the plaintiff should be absent, I to forward his share of the receipts to wherever he might be, if

away, keep the books, collect accounts and pay bills out of the income, and generally supervise the business, he to pay the rent of the house and maintain the offices and pay the help." A further averment is that no period was agreed upon as to the continuance of the new partnership, which went into effect on November 1, 1905, " and no other terms, except the above, were agreed upon." Here is a distinct averment in the answer, not only of the termination of the agreement of January 1, 1903, but of a rescission of it by the parties to it and the formation of a new partnership upon new terms, which did not include the provision which the appellant would now have enforced. This is responsive to the bill, because it avers continued relations between the appellant and the appellee up to September 19, 1907, under the agreement of January 1, 1903. If this was so, and the terms of that agreement were of an enforceable kind, the appellant was entitled to his prayer, but if the agreement of 1903 had terminated nearly two years before, and a new one substituted for it, containing no covenant by the appellee that he would not engage in the business of extracting teeth by the use of nitrous oxide gas or any other method invented or used exclusively by the appellant, the injunction was properly refused. The answer is further responsive because it states the particulars of the transaction charged and inquired into by the bill: Eaton's Appeal, 66 Pa. 483; Merritt v. Brown, 19 N. J. Eq. 286. No witness was called by the appellant to overcome this part of the answer, and the first reason given by counsel for appellee for dismissing the appeal is sustained. As it is sufficient, others which might be given need not be stated. No reasons were given by the learned trial judge for his decree at the time he made it, but, in an opinion filed since this appeal was taken, he properly holds that if the plaintiff stands upon the words of the agreement of January 1, 1903 (which is of a kind to be strictly construed), forbidding the appellee from engaging in " the business of extracting teeth by the use of nitrous oxide gas or any other method invented and used exclusively by said John D. Thomas, " the claim to an injunction is without foundation, as the method of extracting teeth by the use of nitrous oxide gas was neither invented nor used exclusively by the appellant.

Appeal dismissed at appellant's costs.