# Leiser, et al., Exrs., v. Albright.

*Principal and agent—Duties of agent—Compensation—Partnership—Equity—Accounting — Master's findings of fact — Appeal— Practice.*

1. An agent or employee is bound to be faithful to the interests of his employer, and he is not entitled to compensation for time and effort spent in opposing the interests of his employer and in defending his own.

2. In a suit in equity for an accounting, it appeared that plaintiff's decedent had been the owner of a business; that defendants, who were his sons and in his employ therein, had taken possession of the business, excluding plaintiff's decedent from the management thereof, and had claimed it as their own; the lower court found that plaintiff was the owner of the business and entitled to possession thereof and that certain sums were due from defendants to plaintiff. One of defendants claimed the right to set off against

the amount which he was ordered to pay a sum as compensation for managing the business after he had excluded his father therefrom. *Held,* the master properly refused to allow compensation for the period during which defendants denied decedent's right to the business.

3. In such case assignments of error questioning the accuracy of the master's findings as to the amount of credit which must be allowed one of defendants for services rendered in the care and management of the business prior to the time when he excluded his father from the management thereof, were dismissed where the master's findings were confirmed by the court and no clear error was shown.

4. Findings of fact by a master, confirmed by the lower court and supported by evidence, will not be reversed on appeal.

5. Findings of fact by a master depending upon documentary evidence which has not been printed by the appellant will not be reversed on appeal, especially where no specific exceptions or assignments of error question the correctness of the findings.

Argued March 20, 1916. Appeal, No. 459, Jan. T., 1915, by Chester E. Albright, Jr., from decree of C. P. No. 2, Philadelphia Co., March T., 1907, No. 4210, in equity, on bill in equity for discovery and for an accounting, in case of Andrew A. Leiser and William Leiser, Jr., Executors of the Last Will and Testament of Chester E. Albright, Deceased, v. Chester E. Albright, Jr., and William L. Albright. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity for discovery and an accounting. Exceptions to report of Hon. Samuel W. Pennypacker, master. Before SULZBERGER, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Chester E. Albright, Jr., appealed.

*Errors assigned* were in dismissing the exceptions.

*John G. Johnson,* with him *Dimner Beeber,* for Chester E. Albright, Jr., appellant.

*Alex. Simpson, Jr.,* with him *E. M. Beale* and *N. M. Edwards,* for appellees.

OPINION BY MR. JUSTICE POTTER, October 2, 1916:

This is an appeal from an accounting in the court below in a bill by a father against his two sons. The main questions involved in the controversy between these parties were determined in two former appeals to this court, the decisions being reported in 228 Pa. 552 and 562. It was there expressly held that the plaintiff was the owner of a certain business carried on as the Albright Purse Company, and that, on and after April 5, 1907, the defendants had wrongfully excluded him from participation therein. He was found to be entitled to possession of the business, and to an accounting for the profits made and retained by defendants.

The master, who was appointed to state the account, found that the sum of $45,899.56 was due to plaintiff by defendants, as of January 31, 1911, and he recommended a decree awarding that sum, with interest from the date named. Exceptions to the report were dismissed by both the master and the court, and the report was confirmed. Subsequently, the court referred the case to the master to take further testimony on certain specified points. It was then agreed that, upon payment of the amount of profits found to be due him by defendants, the plaintiff would waive his right to possession of the business and the assets of the Albright Purse Company, and all his interest therein would be assigned and transferred to defendants. The master filed another report, in which he adhered to his former figures, and recommended a decree for the payment by defendants to plaintiff, of the sum of $45,899.56 with interest from January 31, 1911, and the assignment and transfer to the defendants of the interest of the plaintiff in the business and assets of the Purse Company. Exceptions to this report were dismissed, and the court entered the decree as recommended by the master.

The defendant, Chester E. Albright, Jr., has appealed, and in their argument his counsel have grouped the assignments of error. In the first group, they raise the question of the right of appellant to compensation for managing the business after April 5, 1907, at which time he claimed it as his own, and excluded his father from participation therein.

The master refused to allow compensation for the period during which defendants denied the right of their father to the business, and he was fully justified in so doing.

That an agent or employee is bound to be faithful to the interest of his employer is a fundamental truth. That he is not entitled to compensation for time and effort spent in opposing the interest of his employer, and in advancing his own, is obvious. The fact that the relation of parent and child existed between the parties in this case, was no excuse for defendants' conduct. The breach of filial duty was an aggravation of the offense. After citing the admission of defendants, both in the pleadings and in the testimony, that they had claimed ownership of the business, had refused plaintiff's demand for possession, and denied him admission to the premises, the master well says: "It is entirely clear that this is a position inconsistent with that of a claim for compensation made by an employee against his employer. They could not be owners and at the same time entitled to salaries for their services. It is the duty of a servant and employee to look after the interests and obey the directions of his employer. No more flagrant act of disobedience could be committed than to deny the right of the employer and deprive him of the possession of his property. It would be unjust to require the master to pay salaries to servants who denied his authority, and who, setting themselves up as the owners of his property, proceed to advance their claim by using force and locking him out of his own factory. The services rendered to the business, after the fifth of April, 1907, by the defendants were,

therefore, manifestly services rendered to themselves in the hope, perhaps expectation, that it would be determined finally that they were the owners."

Reference was made in the argument, to a letter written by the attorney of plaintiff, on May 31, 1907. It was contended by counsel that this letter was a recognition of defendants as employees of plaintiff. It was, however, clearly intended to restrict appellant, in the amount of money to be paid to the other defendant, William L. Albright. As a matter of fact, the record shows that appellant ignored the letter, and did not carry out the instructions contained therein. As he paid no heed to the letter, and did not act upon it, appellant cannot now fairly claim that it is to be construed as a recognition of a continued relation of employer and employee, between himself and his father. Such a position is inconsistent with the claim of ownership of the business, which he had steadfastly maintained throughout the proceedings.

On behalf of complainant it was strongly contended before the master that Chester E. Albright, Jr., the present appellant, was not entitled to compensation for services rendered either before or after April 5, 1907. The master held, however, that while he was not entitled to compensation for services after that date, yet the circumstances all indicated that he was an employee of complainant before that time, and was, therefore, entitled to compensation for services then rendered. He reached the conclusion that a fair measure of such compensation would be, one-third of the net profits earned in the business during that period, and, as such, allowed him credit for the sum of $29,897.40. This amount was deducted from the amount of the net profits found to be in the hands of defendants, and with which they were charged, up to April 5, 1907. Adding the profits for subsequent years until January 31, 1911, and interest thereon until that date, the master found that defendants were indebted to plaintiff, or to his legal representatives, in the sum of $45,899.56, and the court in its final decree di-

rected that sum, with interest, to be paid by defendants to plaintiff's executors, on the transfer by them, to defendants, of all the property and assets of the Albright Purse Company.

In the second group of assignments, counsel question the accuracy of the master's finding as to the amount of the credit which was allowed to appellant for services rendered in the care and management of the business prior to April 5, 1907, and, incidentally, they question the finding as to the amount of the decree against defendants. But the findings of the master in these respects are findings of fact, which have been confirmed by the court below, and no clear error has been shown. The argument of counsel for appellant seems to imply the fact of an accounting to him, for his share of the profits in the business. That was not the purpose of the accounting. It was ordered to be made by defendants to the plaintiff. He was entitled to the net profits of the business, which had been retained by defendants, and in ascertaining the amount of these profits a fair deduction was made for the services of appellant. The inquiry was not in any sense directed to ascertain what appellant had done with the share of the profits which was allowed to him as compensation for services. Whether he withdrew it, or left it in the business, was not material to the inquiry being made. That question might have been important had plaintiff insisted upon the clear right which he had to take back the business; but, as he relinquished that right, the question as to what appellant may have invested in the business is not material. Whatever the amount of it may have been, it will go to defendants, as they are to have everything which remains in the business, after making payment of the amount which has been found to be due to plaintiff or to his legal representatives.

In the account, an item of $15,524.35 was deducted from the balance due from defendants, with the statement that it was an amount due from the Philadelphia

Toboggan Company, for which plaintiff would look to that company for payment. The reason for this finding is not apparent, but plaintiff has not complained of it. Counsel for appellant suggest however, that the deduction should have been made as of April 5, 1907, with a corresponding saving of interest. Upon the face of it, this objection seems to be well taken. But counsel for appellees reply, that as to this item the master took his figures from the report of the experts which was agreed upon by both sides, and that the sum deducted included interest up to January 31, 1911. As the schedule in which this matter appears was not printed, we do not have it before us. Furthermore there was no specific exception, or assignment of error, which raised the question that appellant was charged with too much interest because this item was not credited sooner. Counsel for appellees also point out that other questions raised by appellant, depend, in part at least, on the report of the expert accountants, which was offered in evidence, but which is not printed by appellant. We think the point is well taken; in the absence of this documentary evidence, as well as other evidence to which reference is made, the contention that the master erred in his calculations, cannot properly be considered here. We will not undertake to reverse the master and the court below, as to findings of fact, without having before us all the evidence, in these particular respects, which was before them. The decree of the court below deals most considerately with the defendants. With the consent of complainants, it gives defendants, upon payment to the estate of plaintiff, of the amount ascertained as the net profits, for the period in question, all the assets and good will of the business. This was conceding to defendants much more than was their strict legal right, under the previous findings of the court. But as the master said, in recommending the form of decree which was entered, the proposition which was submitted by counsel for complainant, in response to a

friendly suggestion by the court below, does substantial justice between the parties to this difficult case.

The assignments of error are all overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.