## Swainbank, Appellant, *v.* Yoder et al.

*Practice, Equity—Preliminary injunction — Dissolution — Dismissal of bill.*

The dismissal of a bill in equity for an injunction, without request of the defendant, and before either answer or demurrer had been filed, is wholly irregular, and will be reversed upon appeal.

Argued November 14, 1921.  Appeal, No. 75, Oct. T., 1921, by plaintiff, from decree of C. P. Lycoming Co., Dec. T., 1920, No. 1, in equity, dismissing bill of the plaintiff, in the suit of Charles M. Swainbank v. Harvey E. Yoder and Anna S. Yoder.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Reversed.

Bill for injunction.  Before WHITEHEAD, P. J.

Plaintiff filed a bill for an injunction to restrain the defendants from ejecting him from possession of premises, which he had under lease from their vendor.  Plaintiff's lease provided that he would surrender possession in 90 days in case the property should be sold, but he claimed to have been induced to sign the lease by verbal assurances that he should have undisturbed possession for a full year.  The court below awarded a preliminary injunction, which it subsequently dissolved, and then, concluding that the plaintiff had an adequate remedy at law, the court dismissed the bill upon its own motion.  Plaintiff appealed.

*Error assigned* was the decree of the court.

*Henry C. Hicks,* and with him *T. M. B. Hicks,* for appellant.—Jurisdiction of equity, having once attached, will continue and extend as the situation develops, and to the adjudication of the whole controversy: Winton's App., 97 Pa. 385; Blood v. Erie Dime Savings & Loan Co., 164 Pa. 95; Davis et al. v. Porch Bros., Inc., 268 Pa. 376.

*Otto G. Kaupp,* for appellees.—The plaintiff has a full and complete remedy at law: Limbert v. Jones, 136 Pa. 31; De Coursey v. Guarantee Trust & Safe Deposit Co., 81 Pa. 217.

OPINION BY PORTER, J., July 13, 1922:

This appeal is from the dissolution of a preliminary injunction and from the dismissal at the same time by the court, of its own motion, of plaintiff's bill before answer had been filed. The appellant complains of the dismissal of the bill. The dismissal of the bill, not even asked for by counsel for defendant, before answer or demurrer had been filed, was wholly irregular, and the action of the court must be reversed: Davis et al. v. Porch Bros., Inc., 268 Pa. 376; Wright et al. v. Barber, 270 Pa. 186.

The decree dismissing the bill is reversed and the bill reinstated with a procedendo, the costs below and on this appeal to be disposed of on final decree.