## Daugherty et al. *v.* Daugherty et al., Appellant.

*Equity—Practice—Rule 68—Decree—Final Decree.*

On a bill in equity in partition proceedings, a decree entered by the lower court cannot be considered as final. A decree nisi should first have been entered.

Under the provisions of Rule 68 of the Equity Rules, upon the filing of the adjudication, the Prothonotary shall enter a decree nisi and give notice to the parties, or their counsel of record, of the entry of such decree. On failure to follow such rule, the Superior Court will remit the record for reconsideration, and disposition in accordance with the proper practice.

Argued April 17, 1925. Appeal, No. 2, April T., 1925, by defendants, from decree of C. P. Jefferson Co., Sitting in Equity, April T., 1922, No. 3, in the case of William Daugherty, and Martha Daugherty, his wife; Elizabeth Smith, widow; Stewart Daugherty and Clara Daugherty, his wife; Marjorie Penfield and R. F. Penfield, her husband; Finley Daugherty, and Lizzie Daugherty, his wife; Sarah Robinson and Paul J. Robinson, her husband; J. C. Boner and Willena Boner, his wife v. J. D. Daugherty, single; Mary Daugherty; Mabel Patterson and L. E. Patterson, her husband; Robert F. Daugherty, single; Eva Calhoun and Walter Calhoun, her husband; and Wade Daugherty, single; Clyde Shick, single and E. M. Shick. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Bill in equity in partition. Before CORBET, P. J.

The opinion of the Superior Court states the case.

The court below decreed "that the plaintiffs are seized

in their demesne as of fee of an undivided two-thirds right, title and interest of, in and to the mineral and coal in and under the tract of land in said plaintiffs' bill described, etc." Defendants appealed.

*Error assigned* was, in entering the decree in partition.

*Raymond E. Brown,* of *Brown & Means,* and with him *W. L. McCracken,* for appellants.

*W. N. Conrad,* for appellees.

PER CURIAM, April 28, 1925 :

The record shows such material departure from equity Rules, 68 etc., that we are constrained at once to remit the record for reconsideration and disposition in accordance with those rules. The decree entered by the lower court cannot be considered as final. A decree nisi should have first been entered.

Decree reversed and record remitted with a procedendo. Costs of this appeal to abide final determination of the case.