# Murphy *v*. Murphy, Appellant.

*Equity—Accounting—Practice—Master's report—Decree nisi—*
*Exceptions—Final decree.*

Prior to the adoption of the equity rules of 1894, when a case was referred to a master it was the latter's duty to prepare and submit a form of decree with his findings of fact and of law. By Rule 69 a like duty was imposed on the referee when the case was referred to him. Since the rules have provided for a trial before a judge, a decree nisi must be filed by him; and it is not until the decree nisi, or the decree submitted by the master or referee has been passed upon by the court, upon exceptions filed, that the case is ready for a final decree.

Where, on a bill in equity praying for an accounting, the court appointed a master who made certain findings of fact, but failed to comply with the equity practice as respects a decree, and the court also failed to prepare a decree nisi from his findings, but instead filed an opinion correcting certain of his findings and directing the entry of a decree in accordance therewith, such a decree, unless treated as a decree nisi, cannot be regarded as a valid final decree.

In such case, an appeal therefrom will be quashed, and the record remitted to the master in order that he may file his findings of fact and of law, together with a form of decree, and give notice thereof to counsel in order that exceptions may be filed in the regular form.

Argued May 4, 1925. Appeal, No. 194, April T., 1925, by defendant, from decree of C. P. Allegheny Co., April T., 1916, No. 1863, in Equity, in the case of Amelia Murphy, Executrix of Charles E. Murphy, Deceased, v. Luella Murphy, Executrix of the Will of Samuel N. Murphy, Deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Bill in equity for an accounting. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

And now, April 21, 1924, this cause came on to be heard at this term, and was argued by counsel, and upon consideration thereof it is ordered, adjudged and decreed as follows:

Defendant shall account and pay to the plaintiff the sum of $350.48 with interest from March 21, 1916, viz: $620.46 and said defendant shall pay the costs of the case including the fee of $500 for the referee, A. C. Johnston, Esq.

Defendant appealed.

*Error assigned* was the decree of the court.

*John E. McCalmont,* for appellant.

*Joseph A. Richardson,* for appellee.

OPINION BY KELLER, J., May 6, 1925:

The confused state of this record is due to a failure to comply with the equity rules in force at the time. (Rules of January 15, 1894—159 Pa. xxv—October 5, 1900, and July 6, 1911.)

Following the action of the Supreme Court in this case (263 Pa. 196), the court below appointed A. C. Johnston "Examiner or Master to state an account," although the office of examiner to take testimony had been expressly discontinued by Rule 59, except in proceedings conducted under the directions of a statute by which duties were imposed upon an examiner. He should have been appointed "master," as the office of master in accounting proceedings was not abolished by Rule 60: Leiser v. Albright, 255 Pa. 121; Com. v. Archbald, 195 Pa. 317. In the subsequent proceedings he was termed, "referee," which was, strictly speaking, a misnomer, as the case had not been referred to him by agreement of the parties (Rule 69), but there was no substantial difference between the practice to be observed by a master or referee, as respects the duty to make find-

ings of fact and of law, to act upon points or requests presented by counsel, and to prepare the form for a decree. See Leiser v. Albright, supra, p. 123. The practice prescribed by Rule 69 to be followed by referees was substantially that which governed masters in equity before the adoption of the Equity Rules of January 15, 1894.

The equity rules always contemplated two decrees: a preliminary decree or decree nisi, and a final decree. Before the rules of 1894 substituted a trial before a judge for a reference to a master it was the master's duty to prepare and submit a form of decree with his findings of fact and of law; and by Rule 69 a like duty was imposed on the referee where the case was referred to him. Since the rules have provided for a trial before a judge a decree nisi must be filed by him; and it is not until the decree nisi, or the decree submitted by the master or referee, has been passed upon by the court, upon exceptions filed, that the case is ready for a final decree.

In this case no form of decree was prepared, submitted or filed by the master or self-styled "referee." He made findings of fact and of law to which exceptions were filed, but he failed to comply with the equity practice as respects a decree, and while the court might have prepared a decree nisi from his findings (Armour Leather Co. v. Alexander, 276 Pa. 515), it failed to do so, but, instead, filed an opinion correcting certain of his findings and directing the entry of a decree in accordance therewith, which was done on April 21, 1924. This was the first decree filed in the case. Had a decree been filed by the master in accordance with correct practice the decree of the court below would have been a final decree from which an appeal would lie. But due to the error in practice of the master the appellant treated the decree of April 21, 1924—the first and only decree filed in the case—as a decree nisi, and filed exceptions to it as such, and it was not until more than six

months had elapsed that it was realized that the decree was final in form.

We are of opinion that the first serious error in the case was the failure of the master to prepare and submit a decree, similar to the decree nisi usual in ordinary equity trials, and that until this was done by the master or the court, and opportunity was given for exceptions to it the case was not ripe for a final decree, and that the proceedings thereafter were nugatory and not sufficient to sustain a final decree; that appellant was evidently misled by the master's error in practice and that substantial injury will be done her unless the original error is rectified. The decree of April 21, 1924, unless treated as a decree nisi, was prematurely entered and cannot be regarded as a valid final decree. It follows that it will not support an appeal to this court.

And now, May 6, 1925, the present appeal is quashed and the record is remitted to the court below with directions to recommit the case to the master in order that he may file his findings of fact and of law together with a form of decree, and give notice thereof to counsel in order that exceptions may be filed by them if they see fit to do so within ten days thereafter.