## Murphy *v.* Murphy, Appellant.

*Equity—Partnership—Accounting.*

In a bill in equity for an accounting between two partners, the account will be restated, and the liquidating partners surcharged with certain amounts, where the evidence establishes the necessity for such adjustments.

Argued April 28, 1926. Appeal No. 139, April T., 1926, by defendant, from decree of C. P. Allegheny County, April T., 1916, No. 1863, sitting in equity, in the case of Amelia Murphy, Executrix of Charles E. Murphy, Deceased, v. Luella Murphy, Executrix of the

Will of Samuel U. Murphy, Deceased.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Modified.

Bill in Equity for an accounting.  Before REID, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to A. C. Johnston, Esq., as Master, who stated an account.  On exceptions to the Master's report the court overruled the exceptions and sustained the report.  Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*John E. McCalmont,* for appellant.

*Joseph A. Richardson,* of *Wendt, Graver & Richardson,* for appellee.

OPINION BY KELLER, J., July 8, 1926:

When this case was here before (85 Pa. Superior Ct. 169), we quashed the appeal for failure of the master to observe the equity rules, and sent the case back that he might file his findings of fact and law together with a form of decree; stating it to be our opinion that substantial injury would be done the appellant (defendant) by the abortive decree appealed from unless the error in practice was corrected.  Without taking any additional evidence, and on practically the same findings of fact as before, the master submitted a decree increasing the amount to be accounted for by the defendant, as determined in the prior decree, some $607.98 with interest; and the court below entered a final decree in substantial conformity therewith.

The suit grows out of the settlement of a partnership account between two brothers, both of whom have

died since the litigation began, their representatives being substituted as parties to the suit.

Charles E. Murphy and Samuel N. Murphy engaged as partners in the building contracting business in 1884 and continued until June, 1912, when the partnership was dissolved by mutual consent. Samuel N. Murphy became the liquidating partner, but apparently both members of the firm were allowed to draw checks on the partnership bank account thereafter as before, for Charles E. Murphy drew a check to his own order thereagainst for $35.62 on January 5, 1914. With this exception Samuel N. Murphy seems to have had direction and control of the bank account. The account was kept separate and distinct from his individual funds and there was no evidence or finding that any of it was misappropriated or spent for anything except partnership purposes or matters in which the partners were jointly and equally interested. We are therefore of opinion that any moneys which can be traced into this account should be considered as having been paid to the firm and accounted for as partnership funds.

When the partnership was dissolved Samuel N. Murphy had withdrawn $607.98 more than his brother, and was consequently indebted to the firm in that sum. This amount he repaid by deposits to the firm bank account as follows: August 30, 1912, $200; September 6, 1912, $200; November 4, 1912, $125; November 12, 1912, $82.98. The bank books established it and the master so found as a fact; yet he surcharged the defendant with this amount, apparently on the theory that he must prove what was done with this particular fund. In our opinion this was error. The defendant having shown that he had paid this amount into the firm's bank account and that the funds in that account were expended for the joint benefit of the partners by

payments not objected to or disallowed, he should not be required to pay it a second time.

So, also, as respects the item of accounts receivable. The master has found that the defendant collected, (or should have collected), the entire amount outstanding at the dissolution of the partnership, $1,329.31. He found $692.15 of this amount was deposited to the credit of the firm in bank, leaving only $537.16 unaccounted for, and yet on the same theory he surcharged the defendant with the whole amount $1,329.31. This, too, was error.

But, as the court below correctly said, the firm's bank account was not a complete account of the partnership debits and credits. There were items received and paid which do not appear in it; and hence it cannot be accepted as a complete accounting. But to the extent that any item does appear in it we are satisfied that it amounts to an accounting pro tanto.

Taking up then, the items not embraced in the bank account, we have the following: On the debit side, the defendant admitted the receipt by him of twenty-six shares of stock of Haugh & Keenan Storage & Transfer Co. which were transferred to his individual name and were admittedly of the value of $1,200. He averred that after unsuccessfully offering this stock to his brother at $1,000, he took title in his own name on July 17, 1913, "paying into the firm's funds the sum of $1,200, which sum was a just and reasonable price for said stock and a greater price than could be secured therefor elsewhere," and offered to sell it to his brother at that figure. An examination of the bank account, however, shows no deposit of this amount on that date. The sum paid in on July 12, 1913, apparently in connection with the same transaction, $563.74, has been treated by the master as an advancement and credit allowed defendant therefor; hence he must be charged with the full value of the stock $1,200. No objection

was made by defendant to the other items allocated by the master to the debit side, to wit, Lumber $46.55; and overpayment by C. E. Murphy on note $2.82.

On the credit side the master allows items aggregating $1,842.16; but the rule previously laid down must apply here also and any items therein which appear on the credit side of the bank account must be eliminated, for defendant has already been credited with them by the acceptance of the bank account as an accounting with respect to the items appearing in it. The items which are credited in the bank account and which must therefore be eliminated on this accounting are:

| | |
|---|---:|
| Nov. 7, 1912—Steiner and Voegtly note | $300.00 |
| Mar. 4, 1914—Error in bank account | 3.20 |
| | $303.20 |

Deducting this amount from $1,842.16 leaves credit items allowed defendant of $1,539.96.

The account as restated would then be:

### Dr.

| | | |
|---|---:|---:|
| Bills receivable | $1329.31 | |
| | 692.15 | $537.16 |
| Haugh and Keenan stock | | 1200.00 |
| Lumber used | | 46.55 |
| Difference in note payment | | 2.82 |
| | | $1786.53 |

### Cr.

| | | | |
|---|---:|---:|---:|
| Items as per master's report | $1842.16 | | |
| Less items appearing in credit side of bank account | | 303.20 | 1539.96 |

| | |
|---|---:|
| Amount due by defendant to firm, on March 22, 1916 | $246.57 |
| The plaintiff is found by the master to be indebted to the firm, on March 22, 1916, for check drawn out for his own use as before mentioned | 35.62 |
| Making joint firm assets of | $282.19 |

Against this there is an outstanding note of the firm held by the Bank of Millvale on which there is a balance of principal of $236 due,—with interest from January 9, 1915, $162.84. This note should be paid out of the firm assets above stated and any balance left remaining be divided equally between the partners. If the note with interest exceeds the joint firm assets, the deficit must be paid equally by the parties. If either of the present parties has paid the note or any part of it she stands in the place of the bank to that extent. The assignments of error are sustained to the extent indicated in this opinion.

The decree is reversed and it is ordered, adjudged and decreed that the defendant pay into the firm account the sum of $246.57 with interest from March 22, 1916; and that the plaintiff pay into said firm account the sum of $35.62 with interest from March 22, 1916; that out of said firm account the balance of principal and interest of the firm note held by the Bank of Millvale be paid; any surplus remaining after such payment to be divided equally between the parties; any deficit to be contributed equally by them.

Costs in the court below, including the master's fee, to be paid by the defendant. Costs in this court, including the printing of briefs and records, to be divided equally between the parties.