# Maroni, Appellant, *v.* West Penn Power Co.

*Equity—Procedure—Dismissal of bill for injunction—Final decree
—Appeal—Assignments of error—Agreement of parties.*

A decree in equity, dismissing a bill for a preliminary injunction
five days after the injunction was granted, is premature.   On a bill
in equity for an injunction, before a final decree can be made, a
decree nisi must be entered, pursuant to Equity Rule 68, with sub-
sequent procedure as provided in Equity Rules 69 and 72.

An appeal from such decree will not be sustained, when the as-
signments of error failed to include the decree complained of, and
otherwise disregard the rules of court governing assignments of
error, as well as Equity Rule 72.

An agreement by the parties that the preliminary hearing shall be
considered final will be disregarded by the Superior Court.   That
court will neither sanction such violation of its rules nor approve
the omission to comply with the Equity Rules.

Argued April 18, 1927.   Appeal No. 167, April T.,
1927, by plaintiff from the judgment of the Common
Pleas, Butler County, March T., 1927, Equity No. 2,
in the case of Joseph Maroni, Appellant, v. West Penn
Power Co.   Before PORTER, P. J., HENDERSON, TREXLER,
KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Dis-
missed.

Bill in equity to restrain defendant company from
placing electric wires in public street in front of com-
plainant's property.   Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior
Court.

Preliminary injunction dissolved and bill dismissed.
Complainant appealed.

*Errors assigned,* were findings of fact, conclusions
of law, and dismissal of preliminary injunction.

*E. H. Negley,* and with him *W. H. Martin,* for ap-
pellant.

*John H. Jackson* of *Jackson & Troutman,* and with him *Zeno F. Henninger,* for the appellee.


PER CURIAM, April 27, 1927:

Appellant filed this bill to restrain the construction and enlargement of a pole and wire line along the curb in Roosevelt Boulevard on which his property abuts in the City of Butler.

On his application, supported by affidavits, a preliminary injunction was granted, and, pursuant to Equity Rule 38, a hearing thereon was ordered to be held five days later. At that time the court heard the evidence offered by both parties, and later, made findings of fact and entered a decree dissolving the preliminary injunction and dismissing the bill. As the dismissal of the bill at that stage of the proceeding was premature the decree could not have been sustained if properly challenged: Davis v. Porch, 268 Pa. 376; Swainbank v. Yoder, 79 Pa. Superior Ct. 132. For that purpose this appeal was taken and the case was argued here. But the decree dissolving the injunction and dismissing the bill was not assigned as error, though a number of assignments—all disregarding our rules governing assignments of error as well as Equity Rule 72—were filed, complaining of findings of fact and conclusions of law. The appeal would of course fail without an assignment of error to what purported to be the final decree entered below. Because of the disregard of the rules governing assignments of error as well as the omission properly to assign the final decree appealed from, we must dismiss the appeal.

Since the oral argument, counsel for the parties, without obtaining leave of court, have filed what they designate as a certificate stating that although no answer to the bill was filed, the parties had agreed that the trial below should be considered as a final hearing

on the merits of the bill; that they had presented all the evidence available and desired that this court now decide the controversy on its merits. Appellant accompanied this certificate by revised assignments of error.

This court can neither sanction such violation of its rules nor approve the omission to comply with the equity rules. Before a final decree can be entered, even if parties agree that a hearing such as took place, shall be considered final, it is essential that a decree nisi be entered pursuant to Equity Rule 68, with subsequent procedure as provided in Equity Rules 69 to 72: see Murphy v. Murphy, 85 Pa. Superior Ct. 169; Daugherty v. Daugherty, 85 Pa. Superior Ct. 421.

We shall add, since it may save the expense of another appeal, that we have examined the record on its merits and find that appellant is not entitled to the injunction prayed for.

Appeal dismissed at appellant's costs.