## Dickson, Appellant, *v.* Provident Trust Company of Philadelphia et al.

Argued May 26, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*James A. Walker,* for appellant.

*J. B. Colahan,* with him *Townsend, Elliott & Munson,* for appellee.

*Thomas Raeburn White,* of *White & Staples,* for intervenors, appellees.

OPINION BY MR. JUSTICE PATTERSON, September 28, 1942:

A bill in equity was filed by Arthur G. Dickson against Provident Life and Trust Company of Philadelphia (now Provident Trust Company of Philadelphia) on July 15, 1921, for cancellation of a deed of trust executed by him on July 8, 1915, naming that company as trustee, and for the return to him of the securities composing the assets of the trust. The right of Dickson to the relief prayed for was contested by Erskine H. Cox et al., contingent remaindermen under the terms of the trust, who were permitted to intervene as parties defendant, and on August 14, 1923, the court filed an adjudication concluding as follows: "4. The Bill should be dismissed. 5. The plaintiff should pay the costs. Counsel to prepare and present a form of decree." The prothonotary, on the same date, made the following entry: "Findings of fact and conclusions of law filed dismissing bill. Plaintiff to pay the costs. Counsel to prepare decree." No formal decree nisi was ever presented by counsel and none was ever filed by the court. On August 23, 1923, the court made an order extending the time for filing exceptions to October 1, 1923, but none were ever filed, and for a period of more than eighteen years Provident Trust Company continued to administer the fund as before, without objection on the part of Dickson.

On April 19, 1942, after the appeal had been taken in the case of *American Surety Co. v. Dickson et al.*, 345 Pa. 328, the prothonotary, pursuant to an order filed by the intervening defendants, made an entry on the docket as follows: "No exceptions filed. Decree nisi entered as final decree." Dickson thereupon filed a petition in the court below to have this entry stricken from the record, on the ground that no formal decree nisi had ever been entered as required by the Equity Rules, and asking that a decree nisi be formally entered in lieu thereof, with leave to him to file exceptions to the

adjudication of more than eighteen years before. After hearing the court entered an order refusing the motion, and we now have this appeal.

In its opinion denying the motion, the court below states: "Were we concerned strictly with technicalities we should promptly conclude that since a decree nisi was never formally entered, the rule should be made absolute and the record perfected with the right to the plaintiff to file his exceptions. When the entire record, however, is viewed in the light of realities we find that to all intents and purposes, the plaintiff not only acted upon the assumption that a formal decree nisi had been entered but by his behavior throughout the lapse of eighteen intervening years gave confirmation of the fact that he had no further interest in the case. . . . Our attention has been called to *Murphy v. Murphy,* 85 Pa. Superior Ct. 169; *Maroni v. West Penn Power Co.,* 91 Pa. Superior Ct. 259, as well as *Weir v. Potter Title and Mortgage Guarantee Co.,* 323 Pa. 212, in which the importance of compliance with the equity rules pertaining to the entry of decrees is clearly stated. We do not feel, however, that these and other authorities cited by the plaintiff are controlling under the facts of this case." In view of the long period of inaction on the part of petitioner, unaccounted for, we think this conclusion is amply sustained by the decisions cited in the opinion in the case of *American Surety Co. v. Dickson et al.,* supra, establishing that the findings of a court may alone be binding on the parties where there is evidence of acquiescence or an abandonment, and that the order appealed from was properly entered.

Order affirmed at appellant's cost.