Scott *v.* Scott, Appellant.

Submitted March 16, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Louis Little* and *Henry Kauffman,* for appellant.

*Julia M. Doyle* and *John J. McGrath,* for appellee.

OPINION PER CURIAM, April 18, 1955:

Plaintiff brought a bill in equity against defendant in which she sought to recover the sum of $11,300 as a balance allegedly due on a sale to defendant of plaintiff's partnership interest in a restaurant business. Defendant moved to dismiss the complaint on the ground that "The defendant [sic] under the pleadings and the evidence has a full, adequate and complete remedy at law." The Chancellor entered an order as follows: ". . . the Motion to Dismiss the Complaint is granted." Plaintiff immediately filed exceptions to the Chancellor's action in dismissing the bill instead of certifying the case to the law side of the court. Several months later argument was had before the court en banc, which entered an order as follows: "It appearing to the Court that the Chancellor dismissed the Bill of Complaint in Equity at the conclusion of plaintiff's case for the reason that plaintiff had a full, complete and adequate remedy at law, it is now ordered and directed that the instant proceedings be certified to the law side of the Court to be there tried as an action in assumpsit." It is from that order that the present appeal was taken on the ground that plaintiff should have appealed from the original order dismissing the bill.

Since it was clearly the duty of the Chancellor, when it appeared that equity was without jurisdiction, to certify the cause to the law side of the court as required by section 2 of the Act of June 7, 1907, P. L. 440, the failure so to do was error: *Redditt v. Horn,* 361 Pa. 533, 536, 537, 64 A. 2d 809, 811. Plaintiff, therefore, properly filed exceptions, which, under established equity procedure, had to be heard by the court en banc, and until the Chancellor's order had been so passed upon there was no final decree from which an appeal could have been taken: *Murphy v. Murphy,* 85

Pa. Superior Ct. 169, 171, 172; *Daugherty v. Daugherty*, 85 Pa. Superior Ct. 421; *Maroni v. West Penn Power Co.*, 91 Pa. Superior Ct. 259, 261; *Thomas v. Borden*, 222 Pa. 184, 187, 70 A. 1051, 1052.

The record of these proceedings is marked by mere procedural controversies, with the unfortunate result that now, after the lapse of three years since the bill was filed, the case still stands at the initial threshold of an inquiry into its merits.

The order of the court appealed from is affirmed at defendant's cost.