Foster Grading Company, Appellant, *v.* International Union of Operating Engineers, A.F.L. Local 66.

Argued October 3, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Richard R. Lefever,* with him *Samuel A. Schreckengaust, Jr., John P. MacFarlane,* and *McNees, Wallace & Nurick,* for appellant.

*J. Mark Maurizi,* with him *Saul J. Bernstein, Leo M. Stepanian,* and *Gatz, Cohen, O'Brien & Maurizi,* and *Bernstein & Campbell,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1963:

This equity action was commenced by appellant on July 28, 1955, in the Court of Common Pleas of Butler County. The complaint sought a preliminary injunction to restrain picketing of a road building project by defendant-appellees, together with such additional relief as the court deemed proper. The court below issued a rule to show cause why the relief prayed for should not be granted, returnable August 2, 1955. A decree awarding the preliminary injunction was granted August 6, 1955, and appellees were accorded twenty days within which to answer the complaint. A written opinion supporting the decree of August 6 was filed August 10. The opinion indicates that appellees offered no testimony and challenged the sufficiency of appellant's evidence. The court below concluded that no "labor dispute" existed between the parties under applicable Pennsylvania law, that the Pennsylvania Anti-Injunction Act and the federal prohibition against injunctions in labor cases did not apply, and that the court had jurisdiction over the parties and subject matter of the dispute. The notes of testimony were never transcribed and are not now available for transcription.

The difficulties in this case arise primarily because the decree granting the preliminary injunction did not require a bond, as mandated by Pa. R. C. P. 1531(b), and none was ever filed.

On August 26, 1955, appellees' answer to the initial complaint was filed. By way of this answer, rather than by preliminary objections, appellees challenged the jurisdiction of the court below, urging that a "labor dispute exists between the defendants and the plaintiff."

On March 16, 1956, appellant filed a petition to amend its general claim for damages in its complaint to claim specific monetary damages of $40,745.67, as a consequence of the alleged unlawful picketing for which the injunction was initially sought. On the same day, a rule was entered upon appellees to show cause why appellant should not be granted leave to amend, and, on June 8, 1956, after hearing in open court, an order was entered granting the petition.[1]

On January 22, 1960, pursuant to Pa. R. C. P. 1513, appellant petitioned for the submission to a jury of the factual issues raised by the amended complaint, and an order for jury trial was entered accordingly. Appellees petitioned the court on March 8, 1961, to have the entire matter reopened and considered de novo because the testimony taken at the hearing for preliminary injunction was not transcribed and not available, and, therefore, there was not a proper record on which to proceed.[2] This matter was placed on the next argument list but apparently was never heard.

---

[1] The printed record is somewhat confused. The answer to the amended complaint is noted as filed on April 26, 1956, over a month prior to the granting of leave to amend the original complaint. Similar inconsistencies appear in later parts of the record.

[2] The stenographer employed by the court at the time of the March 8 petition was not the stenographer at the injunction hearing, and he was unable to locate any notes from which testimony could be transcribed.

More than eighteen months later (on September 27 and October 19, 1962), appellees filed motions to dismiss because of the failure of appellant to enter bond or security. On March 30, 1963, the complaint was dismissed, and, on April 6, the court below directed judgment for appellees. This appeal followed.

At the argument and in the briefs before the court below, appellees apparently renewed their position that the court lacked jurisdiction over the subject matter. These, of course, are not matters of record, but it must be conceded that the issue of jurisdiction over the subject matter can be raised at any time, even in this Court. See *Yentzer v. Taylor Wine Co.*, 409 Pa. 338, 342, 186 A. 2d 396, 398 (1962). However, the record is so totally inadequate that this Court is unable to conclude whether or not this case is even arguably subject to the provisions of the Labor Management Relations Act, 29 U.S.C. §141 et seq., as appellees now contend. Certainly, there is nothing in the record from which we could conclude that the lower court's original finding of jurisdiction was error, nor is there any evidence before us which would support a contrary conclusion, since we are without the benefit of the testimony taken at the injunction hearing. Accordingly, we are not in a position to pass upon this jurisdictional question.

The court below, citing *Surco Products, Inc. v. Kieszek*, 367 Pa. 516, 80 A. 2d 842 (1951), and *Mamula v. United Steelworkers of America*, 409 Pa. 175, 185 A. 2d 595 (1962), erroneously concluded that the claim for monetary damages in the instant case had to be dismissed because the injunction proceedings were a nullity for failure to enter a bond or proper security. Neither case involved an independent claim for damages wherein the remedy at law was adequate. These cases do not stand for the proposition than an ancillary claim for damages must fail if the equity proceeding later turns out to be a nullity.

The complaint in this case was properly amended so that the damages claimed were before the court. The matter was then no different than had the damage claim been erroneously filed in equity in the first instance separate and apart from a prayer for injunctive relief. The court below should have certified the matter to the law side for appropriate disposition. See Pa. R. C. P. 1509(c); *Jones v. Amsel,* 388 Pa. 47, 130 A. 2d 119 (1957); *Scott v. Scott,* 381 Pa. 198, 113 A. 2d 217 (1955).

Under Rule 1509(c), if a defendant successfully raises the contention by preliminary objections that there is an adequate remedy at law, the equity court must certify to the law side any question there cognizable. Here, no preliminary objections were filed, and the court dismissed without certification. Thus, appellees have obtained a better result than would have been theirs had they complied with the rules. To sustain such an outcome would be unjust and unfair.

In view of the gross inadequacy of the record and our disposition of the case, the parties will not be precluded from raising and obtaining an adjudication of the jurisdictional question raised by appellees.

The decree dismissing the complaint is reversed, and this case is remanded for certification to the law side of the court.