## Koppenheffer v. Humble Oil & Refining Company

*John J. Krafsig, Jr.,* for plaintiffs.

*James H. Stewart, Jr., Nauman, Smith, Shissler & Hall,* for defendant.

SHELLEY, J., September 19, 1966.—This matter is before us on defendant's preliminary objections to plaintiffs' complaint in ejectment.[1] Plaintiffs, in their complaint, aver that they "are the legal owners of a gasoline station business being operated at R. D. #1, Dauphin, on U. S. Route 22, situate in Dauphin County, Pennsylvania", and that defendant is in possession of the premises under a lease agreement entered into between a predecessor in title of plaintiffs and defendant[2] dated June 15, 1953, and a supplemental agreement entered into between defendant and Esso dated September 16, 1957. By the terms of the lease agreement, it expired on January 31, 1965, and there was a provision therein that defendant, as lessee, shall have the option "of renewing this lease for Five (5) additional periods of five (5) years each, the first of such periods to begin on the expiration of the original term herein granted, and each successive period to begin on the expiration of the period then in effect, upon the

---

[1] Defendant has instituted an action in equity against plaintiffs, to which plaintiffs have filed preliminary objections. The objections have been resolved in an opinion filed herewith. The equity action is entered in the Court of Common Pleas of Dauphin County to number 2707, equity docket.

[2] It appears in the other proceeding that defendant is the successor in interest to all the rights, claims and causes of action of Esso Standard Oil Company, commonly known as Esso.

same terms and conditions as herein set forth and all of said privileges of renewal shall be considered as having been exercised unless Lessee gives Lessor notice in writing at least thirty (30) days prior to the expiration of the period then in effect of its intention not to exercise such renewal privilege". Plaintiffs further aver that they gave written notice to defendant on November 9, 1964, terminating the lease as of January 1, 1965.[3]

Plaintiffs "pray that an Order of Court be entered ejecting the Defendant from any interest in the Plaintiffs' property and to direct them to remove all of their property, improvements and the like forthwith". Plaintiffs also ask for money judgment, as provided by Pennsylvania Rule of Civil Procedure 1055,[4] for damages they have suffered because of nonpayment of rent, repairs made by them to the property which they were not required to make under the terms of the lease, and loss of gasoline occasioned by the malfunction of gasoline pumps of defendant.

Defendant has filed preliminary objections in the nature of a "Petition Raising Pendency of Prior Action". In its petition, defendant avers that:

"1. Your Petitioner is Plaintiff in an action in equity against Plaintiffs above named entered in the Court of Common Pleas of Dauphin County to No. 2707 Equity Docket 1965, arising out of, and based upon, the provisions of the Lease of your Petitioner dated June 15, 1953 with Clarence L. Zimmerman and Elizabeth M. Zimmerman, his wife, as modified and assigned by Supplemental Agreement dated September 16, 1957 with Plaintiffs above named.

---

[3] The termination date in the lease agreement is January 31, 1965.

[4] Pa. R.C.P. 1055 provides that in an ejectment action, "The plaintiff may state in the complaint any cause of action for profits for the use of or damages for injury to the land".

"2. The gist of said proceeding is that in accordance with said Lease your Petitioner has performed all of the terms and conditions of the Lease on its part to be performed and did in accordance with said Lease make demand on January 28, 1965 for the exercise of its right to purchase said premises as provided in the option contained in said Lease as modified by the Supplemental Agreement with Plaintiffs above named.

"3. The said equity action was instituted by Complaint on May 12, 1965, which was prior to the institution of the above captioned action.

"4. Each of the aforesaid actions relate to the performance or non-performance of the terms and conditions of the aforesaid Lease as modified and the rights of the parties thereunder, and said actions arise from the same transaction or occurrence or series of transactions and occurrences, and the averments in this action, if true, would constitute a defense in the equity action aforesaid.

"5. Your Petitioner is being harassed by the multiplicity of suits and the requirement to defend this additional needless litigation".

Defendant asks us "to dismiss the above captioned action without prejudice to Plaintiff to pursue their claims, if any they have, in the prior pending equity action, or, in the alternative, to stay the above captioned action pending final determination of the aforesaid equity action".

It is the contention of defendant that an adjudication of the equity proceeding would be a determination of the dispute in the ejectment proceeding and that plaintiffs' action in ejectment should be dismissed or stayed pending a final determination of the equity action. With this contention, we cannot agree. The claims arising from the equity action and the ejectment proceeding are essentially distinct and rest on different grounds.

Ejectment is the proper form of action to recover possession of land: Irwin v. Hoffman, 319 Pa. 8 (1935). Specific performance is an equitable remedy which compels the performance of a contract in the precise terms agreed on, or such a substantial performance as will do justice between the parties under the circumstances: 81 C. J. S., 408, §1.

Ejectment is on the law side of the court, and the complaint in equity asking for specific performance is on the equity side of the court. Pa. R. C. P. 1509 (c) provides for the transfer from the equity side of the court to the law side where the complaint is insufficient to state a cause of action in equity. See also Scott v. Scott, 381 Pa. 198 (1955). We know of no authority for the transfer of a case from the law side of the court to the equity side when the complaint reveals lack of jurisdiction on the law side. See Evans v. Gartling, 10 D. & C. 2d 309 (1957). See also 38 P. L. Encyc. 25, §9.

Where two claims are essentially distinct and rest on different grounds, each must be adjudicated separately and without reference to the other: Drummond v. Drummond, 414 Pa. 548 (1964). See also Nickel v. McNaight (No. 2), 62 D. & C. 521 (1948).

We conclude that the rights of the parties in this action of ejectment cannot be adjudicated in the equity action referred to above.

There is no merit to the objection that petitioner is being harassed by the multiplicity of suits and the requirement to defend needless litigation. This objection needs no discussion.

Accordingly, the preliminary objections must be dismissed, and we make the following

## ORDER

And now, September 19, 1966, defendant's preliminary objections raising pendency of prior action are dismissed, and defendant is directed to file an answer to the complaint within the time required by law.